**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 350
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
By: Nada M. Peters, Esq. (NJ Att. Id: 027942004)
Attorneys for Defendant, Wal-Mart Stores East, LP
(improperly pled as Walmart, Inc.)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALBERTO RIOS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WALMART INC. AND JOHN DOE (1 THROUGH X) (A PERSON, PERSONS OR ENTITY WHOSE IDENTITY IS NOT KNOWN) JOINTLY, SEVERALLY OR IN THE ALTERNATIVE,<br><br>　　　　　　Defendants. | Civil Action No.: 2:20-CV-07426<br><br>**NOTICE OF REMOVAL** |

Defendant, Wal-Mart Stores East, LP (improperly pled as Wal-Mart, Inc.), (hereinafter referred to as "Defendant"), by and through its undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446. Defendant appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to it. By way of providing the Court with the basis for Defendant's request for removal, Defendant respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Defendant in such action:

1.    <u>State Court Action</u>.   On or about May 26, 2020, Plaintiff, Albert Rios ("Plaintiff"), filed the above-captioned action against Defendant in the Superior Court of New Jersey, Law Division, Hudson County, in a matter pending as Docket Number HUD-L-1860-20 (the "State Court Action").  Copies of all process, pleadings, and orders served upon Defendant are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2.    <u>Allegations in the Complaint</u>.  In the Complaint, Plaintiff asserts claims for negligence against Defendant stemming from the allegation that Plaintiff suffered severe and personal injuries on August 5, 2019 when he fell down while lawfully on the premises of the retail Walmart store located at 500 Bayonne Crossing Way, Bayonne, New Jersey. The Complaint does not specify the nature of Plaintiff's alleged injuries and/or the amount of damages being claimed. (*See* Exhibit A.)

3.    <u>Defendants</u>.  Other than fictitious defendants, Plaintiff has named no defendants other than Wal-Mart Stores East, LP.

4.    <u>Federal Court Subject Matter Jurisdiction</u>.  28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendant, and in which the amount in controversy equals or exceeds $75,000.00.

Defendant operates the subject store where the incident at issue allegedly occurred. Defendant, Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner.  The sole member of WSE Management, LLC and WSE Investment, LLC is

Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas.  According to Plaintiff's Complaint, Plaintiff is a citizen of New Jersey.

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.  The Complaint alleges that as a direct and proximate result of the negligence of the Defendant, Plaintiff was "caused to suffer and did sustain severe and disabling injuries and has been and will in the future be caused to obtain medical treatment and has been and will in the future be caused to lose time from work and has been and will in the future be caused to refrain from his/her normal pursuits, has sustained and will continue to sustain great pain and suffering and permanent disfigurement and has incurred and will continue to incur bills for medical and hospital services." (**Exhibit A**, Complaint at First Count, ¶ 6.)  On June 3, 2020, Defendant's counsel sent Plaintiff's counsel correspondence requesting that Plaintiff stipulate that Plaintiff's damages are less than $75,000.  (Attached hereto as **Exhibit B** is a true and correct copy of the June 3, 2020 letter and its enclosure.)  To date, Plaintiff has not returned the stipulation.

While Defendant denies all liability to Plaintiff and denies that they are entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint, the injuries alleged, and that the Stipulation of Damages has not been returned to Defendant's counsel, and upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

Accordingly, for the reasons set forth above, Defendant respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and Plaintiff's claims meet the jurisdictional limit of $75,000.

5. <u>Timely Filing</u>.  A copy of the Summons and Complaint was served on Defendant at the subject store on or about May 29, 2020. Defendant disputes that service upon it in this manner via the store is proper and/or that service was properly effected. Nevertheless, the filing of this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) insomuch as it is filed within thirty (30) days of receipt of the Summons and Complaint by Defendant.

6. <u>State Court Documents Attached</u>. Copies of all process, pleadings and orders served upon Defendant are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

7. <u>Proper Venue</u>.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, the forum in which the removed action was pending.

8. <u>Notice to Plaintiff and State Court</u>.  Promptly upon filing this Notice of Removal with this Court, Defendant, through its undersigned counsel, will give written notice hereof to Plaintiff, per her counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

9. <u>Relief Requested</u>. Defendant respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant, Wal-Mart Stores East, LP, hereby removes this action, currently pending as Docket Number HUD-L-1860-20 in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

Dated:  June 18, 2020                                    /s/ Nada M. Peters
                                                                          Nada M. Peters, Esq.
                                                                          Joyce S. Min, Esq.
                                                                          **D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**

Four Century Drive | Suite 350
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
       jmin@darcambal.com
Attorneys for Defendant, Wal-Mart Stores East,
LP (improperly pled as Walmart, Inc.)

5

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Hudson County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant Wal-Mart Stores East, LP's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.


Dated:  June 18, 2020                                              /s/ Nada M. Peters
                                                                                Nada M. Peters, Esq.